IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES RHEA                                                                                              PLAINTIFF

v.                                                                                                  NO. 3:19-CV-002-M

CAREER GENERAL AGENCY, INC.,
GUIDEONE AMERICA INSURANCE COMPANY                                            DEFENDANTS
AND DENNIS BASDEN

**ORDER**

This cause comes before the Court on Plaintiff's *Motion to Remand*, Doc. #9.

**A. Background**

On October 22, 2018, Plaintiff initiated his cause in the Circuit Court of Union County, Mississippi by filing his complaint against all three defendants. In his state court complaint, Plaintiff asserts that he "owned and operated 'Rhea Insurance Agency' in Union County, Mississippi."

Plaintiff alleges that in October of 1971 he was "solicited, encouraged and enticed to become an insurance sales agent for Defendant Career General Agency, Inc." Career General Agency, Inc. ("Career General") is a subsidiary of GuideOne America Insurance Company ("GuideOne"). Plaintiff alleges that "Career General … and/or GuideOne … contracted for association with other insurance companies" and allowed "agents to sell directly with these companies." One company with whom Career General and/or GuideOne are alleged to have associated with is Dairyland Insurance Company ("Dairyland"). According to Plaintiff, "Career General … and/or GuideOne … associated with Dairyland … for agents to sell Dairyland's insurance through Career General."

1

Because of the contracts, Plaintiff alleges that "a field representative for Dairyland came to [his] office and offered him a contract." He accepted.

Plaintiff then alleges that in late 2007, the defendants ordered him to attend a meeting in their Georgia office to discuss the Dairyland situation. Plaintiff's state court complaint asserts that he was unsure "why he would be ordered to appear" and that he "asked the Defendants if [he] could bring his attorney with him to the meeting." Defendant Dennis Basden ("Basden"), state representative of Career General and/or GuideOne, "told Plaintiff that he would not need an attorney or any legal advice" and further advised him that "he could not bring his attorney" to the meeting.

On November 2, 2007 Plaintiff visited Georgia and attended the meeting without his attorney but instead brought a fellow agent along with him. However, Plaintiff alleges that Career General's and/or GuideOne's Vice-President instructed the other agent to leave the room. Once the agent had left the room, the Vice-President "told Plaintiff that he must sign a promissory note for $100,000" for having breached his contract with Career General by selling Dairyland policies. Plaintiff alleges that he was also instructed to "sign over his Dairyland book of business to Defendants and forfeit all loss-ratio bonuses that he was contractually entitled to." Plaintiff further expresses that he was, again, informed that he could not call his attorney and that his only two choices were to either sign the promissory note or be fired.

Plaintiff signed the promissory note, requiring him to pay Career General and/or GuideOne monthly payments through November 2012, and alleges in his state court complaint that he did so under duress. According to Plaintiff, Career General and/or GuideOne "forced [him] to sign another promissory note in May of 2009" that would extend the payments to October 2017.

Plaintiff's state court complaint asserts the following claims against the defendants: unconscionability and conversion; unjust enrichment; negligent infliction of emotional distress; and punitive damages.

On January 1, 2019 the defendants removed this case to federal court arguing that Defendant Basden was fraudulently joined to defeat diversity jurisdiction. Plaintiff, on January 17, 2019, filed his *Motion to Remand to State Court*, Doc. #9. The Court, having reviewed the parties' submissions along with relevant case law and authority, is now prepared to rule.

### B. Standard

"[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). "Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity . . . because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing 28 U.S.C. § 1441(a)). "On a motion to remand, '[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.'" *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Inc. Co.*, 276 F.3d 720, 722 (5th Cir. 2002)).

### C. Discussion

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the matter is between citizens of different states and the amount in controversy exceeds $75,000. Ultimately, the parties of an action must be completely diverse. "'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quoting *Harrison v.*

*Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). In the present case Plaintiff, James Rhea, is a citizen of Mississippi. Defendant Dennis Basden is also a citizen of Mississippi. Therefore, diversity jurisdiction does not exist because the plaintiff and one defendant are citizens of the same state.

However, Defendants argue that Defendant Basden was fraudulently joined and that, therefore, Plaintiff's motion to remand should be denied. Plaintiff, on the other hand, argues that Defendant Basden was properly joined and that a remand is warranted as there is no complete diversity.

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). Fraudulent joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Davidson v. Georgia-Pac, LLC*, 819 F.3d 758, 765 (5th Cir. 2016) (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (internal quotations and alteration omitted)). In this case, the second situation is at issue. "The test 'is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district to predict that the plaintiff might be able to recover against an in-state defendant." *Davidson*, 819 F.3d at 765 (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc)).

The Fifth Circuit's opinion in *Smallwood* "sets out the procedure for determining whether, in the absence of actual fraud, a nondiverse defendant was improperly joined." *Davidson*, 819 F.3d at 765; *see Mumfrey*, 719 F.3d at 401. First, a court must "look[] at the allegations contained in the complaint." *Davidson*, 819 F.3d at 765. "If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder." *Id*. "When a 'complaint states a

claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder … the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id*. "'[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial court.'" *Id*. (quoting *Smallwood*, 385 F.3d at 573).

In this case, at no point have the parties presented summary judgment-type evidence. The Court, therefore, finds that a summary judgment inquiry is not warranted and will, thus, analyze the complaint under the 12(b)(6) standard.

Defendants assert that the plaintiff has failed to "state a claim against Basden because the allegations against Basden are not actionable" and recovery against Basden is "not theoretically possible" since Plaintiffs' claims arise from the incidents that occurred during the meeting, to which there is no factual allegation that Basden was a part of the meeting. In support, the defendants argue that the complaint only mentions Basden twice: once in alleging that Basden was the one who ordered Plaintiff to attend the meeting and once more in alleging that Basden told Plaintiff that he would not need an attorney or any legal advice and that he could not bring his attorney with him to the meeting.

Plaintiff argues that his complaint contains specific factual allegations against all three defendants and that such allegations are enough to support a cause of action against Basden. According to Plaintiff, he suffered loss, distress, and anxiety because of the "fraud and duress perpetrated" by the defendants, including Basden. He states that Defendant Basden instructed him to attend the meeting, assured him that he would not require an attorney, and instructed him to not bring an attorney—all of which, ultimately, resulted in his signing of the promissory note.

From the allegations in the complaint and after review of the parties' submissions, the Court is not convinced that there is "no reasonable basis … to predict that [Plaintiff] might be able

claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder … the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id*. "'[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial court.'" *Id*. (quoting *Smallwood*, 385 F.3d at 573).

In this case, at no point have the parties presented summary judgment-type evidence. The Court, therefore, finds that a summary judgment inquiry is not warranted and will, thus, analyze the complaint under the 12(b)(6) standard.

Defendants assert that the plaintiff has failed to "state a claim against Basden because the allegations against Basden are not actionable" and recovery against Basden is "not theoretically possible" since Plaintiffs' claims arise from the incidents that occurred during the meeting, to which there is no factual allegation that Basden was a part of the meeting. In support, the defendants argue that the complaint only mentions Basden twice: once in alleging that Basden was the one who ordered Plaintiff to attend the meeting and once more in alleging that Basden told Plaintiff that he would not need an attorney or any legal advice and that he could not bring his attorney with him to the meeting.

Plaintiff argues that his complaint contains specific factual allegations against all three defendants and that such allegations are enough to support a cause of action against Basden. According to Plaintiff, he suffered loss, distress, and anxiety because of the "fraud and duress perpetrated" by the defendants, including Basden. He states that Defendant Basden instructed him to attend the meeting, assured him that he would not require an attorney, and instructed him to not bring an attorney—all of which, ultimately, resulted in his signing of the promissory note.

From the allegations in the complaint and after review of the parties' submissions, the Court is not convinced that there is "no reasonable basis … to predict that [Plaintiff] might be able

to recover against [Basden]." *Davidson*, 819 F.3d at 765. At this juncture the Court does "not decide whether the plaintiff will actually or even probably prevail on the merits, but [instead] look[s] only for a possibility that [s]he may do so. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Court is of the opinion that the plaintiff asserted just enough for this case to be remanded. Accordingly, the Court finds that Basden is in fact a proper party and that the court lacks diversity jurisdiction.

Defendants argue two additional reasons why Basden's citizenship should be disregarded. The defendants contend in section IV(B) of their response that the "statute of limitations bars [plaintiff] from asserting claims against Basden," and in section IV(C) that the "complaint fails to state viable claims for which relief can be granted."

In *Smallwood*, the Fifth Circuit stated:

> when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper. In such circumstances, the allegation of improper misjoinder is actually an attack on the merits of plaintiff's case as such—an allegation that, as phrased by the Supreme Court in *Chesapeake & O.R. Co. v. Cockrell*, "the plaintiff's case [is] ill founded as to all the defendants."
>
> …
>
> The burden on the removing party is to prove that the joinder of the in-state parties was improper—that is, to show that sham defendants were added to defeat jurisdiction. A showing that the plaintiff's case is barred as to all defendants is not sufficient. When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendants, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made.

*Smallwood*, 385 F.3d at 575. Thus, a finding of fraudulent joinder cannot rest on a defense common to all defendants. The Fifth Circuit's holding in *Smallwood* is applicable to this case with regard

6

to the statute of limitations and failure to state a claim arguments made by defendants in their response; any determination by this Court as to these two issues would "equally and necessarily compel dismissal of all claims against all diverse defendants." *Boone v. Citigroup, Inc.*, 416 F.3d 382, 391 (5th Cir. 2005). Accordingly, the Court finds that the defendants have failed to establish that Defendant Basden was an improper party to this action.

### D. Conclusion

For the foregoing reasons, the Court finds that Defendant Basden was not improperly joined, that the parties are not completely diverse, and that it lacks subject matter jurisdiction. Accordingly, Plaintiff's *Motion to Remand to State Court*, Doc. #9, is **GRANTED**.

**SO ORDERED**, this the 7th day of June, 2019.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**